CHRISTOPHER LEGGIONS,

                Plaintiff,

v.                                              Case No. 24-cv-1196-pp

SUPERINTENDENT REDEKER, *et al.*,

                Defendants.

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Christopher Leggions, who is confined at the Chippewa Valley Correctional Treatment Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. The plaintiff has paid the full filing fee. This decision screens his complaint. Dkt. No. 1.

**I.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff was incarcerated at the John Burke Correctional Center during the events described in the complaint. Dkt. No. 1 at 2. He has sued Superintendent Redeker, Captain Haynes, Captain Landaal and CO Burchbach, all of whom work at John Burke. Id. at 1. The plaintiff also sues Michal Bancroft, an individual who was incarcerated at John Burke during the events described in the complaint. Id.

2

The plaintiff alleges that Bancroft attacked him, brutally beating him with a chair and his fists. Id. at 3. The plaintiff says that he couldn't walk due to his injuries. Id. The plaintiff states that Bancroft attacked him without provocation. Id. at 4. Bancroft allegedly thought the plaintiff was going to tell institution officers about his unauthorized TV. Id.

After the incident, Captain Haynes allegedly questioned the plaintiff and Bancroft, and Haynes believed Bancroft. Id. at 3. The plaintiff states that Bancroft should have been referred for aggravated battery charges. Id. The plaintiff allegedly served thirty days segregation and had to pay restitution for his attacker. Id.

The plaintiff alleges that Captain Landaal "was party to the deliberate indifference." Id. He allegedly questioned the plaintiff and Bancroft. Id.

The plaintiff states that Sergeant Burchbach, who wrote the conduct report, failed to include pertinent information about the incident in the conduct report such as the extent of the plaintiff's injuries. Id. Burchbach allegedly did not care that the plaintiff was brutally attacked by an incarcerated individual who is thirty years younger than the plaintiff. Id. She allegedly made it look like "mutual combat when the photos are clearly consistent to [the plaintiff's] statement." Id.

The plaintiff alleges that Superintendent Redeker denied his appeal when it was clear that the plaintiff's right to due process was violated. Id. Redeker allegedly allowed staff members to fabricate a conduct report when the plaintiff was attacked. Id.

3

The plaintiff claims that the defendants violated Wisconsin Stat. §302.08,[1] Wis. Admin. Code §DOC 306.03[2] and Wis. Admin. Code §DOC 306.04.[3] Id. at 4. He also states that prison staff did not follow "DAI DOC 303.72.01" regarding restitution, that he has been charged $2,750.22 for two x-rays and that documents "were fabricated per [his] request to see medical statement from hospital." Id.

For relief, the plaintiff seeks $200,000 damages "for deliberate indifference violation or due process 303.79, false imprisonment—thirty days in segregation, mental cruelty, pain and suffering[,] having headaches, psychological problems due to the blows to [his] head from chair, permanent damage to [his] RT leg and ankle from fall." Id. at 5. He also asks the court to direct DOC staff to pay more attention to elderly incarcerated individuals' well-being, not be so quick to find every individual guilty and follow "DOC-303" as it was written. Id.

---

[1] "Wis. Stat. §302.08. Humane treatment and punishment. The wardens and superintendents shall uniformly treat the inmates with kindness. There shall be no corporal or other painful and unusual punishment inflicted upon inmates."

[2] "Wis. Admin. Code §DOC 306.03. Security Policy. Primary security objectives of the department are to protect the public, staff, and inmates and to afford inmates the opportunity to participate in correctional activities in a safe setting."

[3] "Wis. Admin. Code §DOC 306.04. Responsibility of employees. Every employee of the department is responsible for the safe custody of the inmate confined in the institutions."

C.  Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

The plaintiff states that he wants to pursue criminal charges against defendant Bancroft for allegedly attacking him. This court cannot criminally charge individuals, and a private citizen (like the plaintiff) cannot bring criminal charges against someone. If the plaintiff believes that Bancroft committed a crime, he may report Bancroft's conduct to local law enforcement (such as the Waupun, Wisconsin Police Department), or the local prosecutor (such as the Dodge County District Attorney's Office). Likewise, the plaintiff cannot sue Bancroft under §1983 for an alleged constitutional violation "because an incarcerated individual is not clothed with the authority of state law and therefore does not act under color of state law." Lewis v. Guthrie, Case No. 23-cv-431, 2023 WL 5404449, at *2 (E.D. Wis. Aug. 22, 2023) (citing cases).

The plaintiff appears to claim that defendants Redeker, Haynes, Landaal and Burchbach violated his due process rights based on the conduct report and disciplinary proceedings. To state a Fourteenth Amendment due process claim, the plaintiff must allege that (1) he was deprived of a constitutionally

5

Case 2:24-cv-01196-PP    Filed 07/10/25    Page 5 of 10    Document 10

protected liberty interest; and (2) the procedures he was afforded were constitutionally deficient. Ealy v. Watson, 109 F.4th 958, 964 (7th Cir. 2024). Disciplinary confinement deprives a prisoner of a liberty interest when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 964 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). The court looks at the "combined import" of the duration of the confinement and the conditions endured. Id. (citing Hardaway v. Meyerhoff, 734 F.3d 740, 743 (7th Cir. 2013)). If a liberty interest has been invoked, the court looks to what process was due. Id. at 965-66. An incarcerated individual facing transfer to disciplinary confinement is entitled to "informal, nonadversarial due process" with substantial discretion and flexibility left to prison administrators. Id. at 965 (citing Adams v. Reagle, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires that an incarcerated individual be provided (1) "notice of the reasons for the inmate's placement" in confinement and (2) "an opportunity to present his views," for instance, in a written statement or at a hearing. Id. at 966. "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose …. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" Id. (quoting Hewitt v. Helms, 459 U.S. 460, 476 (1983)).

      The plaintiff alleges that he served thirty days in segregation because of the conduct report; he does not describe the conditions in segregation. These

allegations do not implicate a liberty interest. See Marion v. Columbia Corr. Inst., 559 F.3d 693, 697 (7th Cir. 2009) (six months of segregation, standing alone, does not trigger due process rights). Even if the plaintiff sufficiently had alleged that he was deprived of a constitutionally protected liberty interest, he has not alleged that he received insufficient process. He states that he received a conduct report and that he was interviewed twice. He states that he appealed the guilty conduct report disposition. Based on these sparse allegations, the court cannot conclude that the plaintiff has stated a plausible claim that any defendant denied him due process.

The plaintiff claims that the defendants' actions violated state law. But a violation of state laws or regulations is not a basis for a federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage County, Wis., 523 F.3d 776, 784 (7th Cir. 2008)). A plaintiff who states only state-law claims must bring his lawsuit in state court.

The plaintiff has not stated a claim for violation of his rights under §1983. The court will dismiss the complaint, but it will give the plaintiff an opportunity to file an amended complaint. The plaintiff is not required to file an amended complaint, but if he chooses to do so, he must comply with the following instructions.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). He must list the case number for this case on the first page. He must list

7

all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the previous complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to the facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights.

## II. Conclusion

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **August 5, 2025**. If the plaintiff files an amended complaint by the end of the day on August 5, 2025, the court will screen the amended

complaint as required by 28 U.S.C. §1915A. If the court does not receive from the plaintiff an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[4] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to

---

[4] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 10th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**