UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER LEGGIONS,

                Plaintiff,

v.                                                Case No. 24-cv-1196-pp

SUPERINTENDENT REDEKER, *et al.*,

                Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 11) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      Plaintiff Christopher Leggions, who is incarcerated at the Chippewa Valley Correctional Treatment Facility and who is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and determined that it did not state a claim. Dkt. No. 10 at 8. The court gave the plaintiff an opportunity to file an amended complaint. Id. The plaintiff did so, dkt. no. 11, and this order screens the amended complaint.

**I.    Screening the Amended Complaint**

    **A.**    <u>Federal Screening Standard</u>

      Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Amended Complaint's Allegations

The plaintiff alleges that on April 12, 2024, while confined at John Burke Correctional Institution, defendant Sergeant Birschbach wrote him a conduct report after another incarcerated individual brutally attacked the plaintiff. Dkt. No. 11 at 2. Birschbach allegedly knowingly left out of the conduct report the injuries to the plaintiff's head and legs. Id. The plaintiff states that Birschbach wanted to make the incident look like "mutual combat," which caused the plaintiff to go to segregation after being brutally attacked. Id.

The plaintiff alleges that defendant Captain Haynes was present throughout the incident on April 12, 2024, and that he questioned incarcerated individuals and took photos of the area and the plaintiff's injuries. Id. at 3. Four days later, Haynes allegedly served the plaintiff his conduct report at Dodge Correctional Institution and placed the plaintiff on temporary lock-up (TLU). Id. The plaintiff states that Haynes returned to Dodge on April 18, 2024 and tried to get the plaintiff to take a plea deal for thirty days' lock-up and restitution. Id. After the plaintiff allegedly declined, Haynes said that he would return in a few days and find him guilty anyway. Id.

The plaintiff alleges that on April 22, 2024, Haynes came to Dodge, refused to accept the plaintiff's written statement and found the plaintiff guilty. Id. The plaintiff cites Wis. Admin. Code §DOC 303.79(3), which says that no person who has substantial involvement in an incident may serve as a hearing

3

officer or committee member in the hearing. Id. The plaintiff states that it created a conflict of interest when Haynes conducted his due process hearing. Id.

The plaintiff alleges that defendant Superintendent Redeker, who represents the John Burke Correctional Center, and defendant Warden Clinton Bryant, who represents the "main office in Madison," allowed Birschbach and Haynes to violate the plaintiff's constitutional rights through the plaintiff's use of the grievance system. Id. Clinton allegedly affirmed the actions of Birschbach and Haynes, and Redeker allegedly affirmed their actions on appeal. Id.

For relief, the plaintiff seeks monetary damages as well as awareness programs for prison staff regarding the needs of older incarcerated individuals. Id. at 4.

C.   Analysis

The allegations in the amended complaint resemble the allegations from the plaintiff's original complaint, and the court previously determined that the allegations in the original complaint failed to state a claim for relief under §1983. Dkt. No. 10. As explained in the July 10, 2025 screening order, the plaintiff does not state a claim for violation of his right to due process because he does not allege that the disposition on his conduct report implicated a liberty interest.[1] See Marion v. Columbia Corr. Inst., 559 F.3d 693, 697 (7th

---

[1] In the original complaint, the plaintiff alleged that he was sentenced to thirty days' segregation after being found guilty on the conduct report. In the amended complaint, the plaintiff does not mention being sentenced to segregation.

4

Cir. 2009) (six months of segregation, standing alone, does not trigger due process rights). Even if the plaintiff sufficiently had alleged that he was deprived of a constitutionally protected liberty interest, he has not alleged that he received insufficient process. He states that he received a conduct report and that he was interviewed. He states that he submitted a written statement, but that Haynes did not accept it and instead, found the plaintiff guilty. He also states that he appealed the guilty conduct report disposition. Based on these allegations, the court cannot conclude that the plaintiff has stated a plausible claim that any defendant denied him due process. See Ealy v. Watson, 109 F.4th 958, 964-66 (7th Cir. 2024) (informal due process requires that an incarcerated individual be provided (1) "notice of the reasons for the inmate's placement" in confinement and (2) "an opportunity to present his views"—for instance, in a written statement).

The plaintiff alleges that the defendants violated Department of Corrections policy by the way they conducted his hearing and appeal. But allegations that the defendants violated state law or policy is not a basis for a federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage County, Wis., 523 F.3d 776, 784 (7th Cir. 2008)). A plaintiff who states only state-law claims must bring his lawsuit in state court.

The plaintiff has not stated a claim for violation of his rights under §1983.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in this court. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for habeas corpus relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

6

Case 2:24-cv-01196-PP    Filed 09/30/25    Page 6 of 7    Document 12

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**